JAMES M. HEATHERTON, Respondent, v. THOMAS HASTINGS, Appellant.

*Receiver of partnership — when he may complete work begun by partnership under contract.*

Appeal from an order continuing an injunction and appointing a receiver in this action, which was brought to dissolve a partnership existing between the plaintiff and defendant.

The parties to this action formed a partnership, on the 1st day of September, 1873, to carry on the plumbing, gas-fitting, roofing and steam-fitting business, for the term of three years, unless sooner dissolved by mutual consent, or by operation of law. On the 6th of May, 1874, they secured a contract from the United States for furnishing the plumbing materials and labor for the United States court-house and post-office, in the city of New York. They were to receive for the same either $25,633.80 or the actual cost of their material and labor, with fifteen per cent additional thereto, at the option of the superintendent, at the completion of the work. Ninety per cent was to be paid in monthly payments as the work progressed, and the residue on the full performance of the contract to the satisfaction of the superintendent. If the work failed to proceed with the required promptness, he had the right, on a further default, after eight days' notice, to proceed with it himself,

deducting the expense from the contract, together with the further sum of fifteen per cent, or to charge the parties fifty dollars per day for each day the work remained incomplete beyond the time designated for its performance. The contract provided that it should be forfeited if assigned without the consent of the secretary of the treasury. Security was given in the sum of $5,000 for its performance, each party furnishing one of the sureties on the bond. The plaintiff and defendant proceeded with the performance of their contract until some time in December, 1874, when it was suspended until further notice by the superintendent, because of the confusion which ensued from both parties assuming to direct the work. He required them to meet him the next day, to compose their differences before him, so that their work could be again commenced and prosecuted to completion. No reconciliation took place, and the work remained suspended.

The plaintiff then brought this action to dissolve the partnership, and to have a receiver appointed, who should be authorized to complete the contract.

The General Term *held*, that the court, in appointing a receiver and directing him to complete the contract, did the very best thing for both parties which the nature of the case at the time permitted. That although ordinarily a court of equity will not undertake to carry on the business of contending parties by means of a receiver, yet cases sometimes arise where the refusal to do that for a limited period would result in great loss to the persons interested. That such cases are exceptional, and justify, as well as require, the exercise of authority which, under other circumstances, would be plainly improper, and that a case of that description was presented in this action. (*Marten* v. *Van Schaick*, 4 Paige, 479; *Crane* v. *Ford*, Hopkin's Ch., 114; *Jackson* v. *DeForest*, 14 How., 81.)

*Ira Shafer*, for appellant. *Saml. G. Courtney*, for respondent.

Opinion by DANIELS, J. DAVIS, P. J., and BRADY, J., concurred.

Order affirmed, with ten dollars costs, besides disbursements.